JOSEPH W. MATTHEWS, use, &c., *vs.* WILLIAM S. BAILEY et ux.

In an action on a bond, which is the foundation of a right of action, profert is necessary, and oyer may be demanded.

It is no objection to the demand of oyer, that the party did not have the original, as the statute makes a copy evidence.

A suit is properly brought on a sheriff's bond, in the name of the governor, for the use of the party suing. *Brown, Gov. &c. v. Lester,* 13 S. & M. 393, cited and confirmed.

It is a rule in pleading, that where a subject comprehends a multiplicity of matter, to avoid perplexity, the law allows of general pleading.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

This case was brought into the court upon points of plead-

ing and practice, and they are sufficiently set forth in the opinion of the court.

*Samuel Scott*, for plaintiff in error.

*A. H. Handy* and *Lawson*, for defendants in error.

Mr. Justice YERGER delivered the opinion of the court.'

The plaintiff in error brought an action of debt in the circuit court of Madison county, against the defendant, Hamblin, and his sureties, on the bond executed by him for the performance of his official duties as sheriff.

The declaration is in debt, without setting out the condition of the bond or assigning breaches.   The defendant craved oyer of the bond, which was allowed; and the plaintiff assigns that as error. · The action of the court in granting oyer was very proper; and, in fact, it would have been erroneous to have refused it in this case.   It ·is true, that oyer of a record or a recognizance, which are the proceedings of a court, will not be granted, because a party need not make profert of them in his declaration; but in an action on a bond, which is the foundation of the plaintiff's right, profert is necessary, and oyer may be demanded and should be granted.   1 Chitty's Pl. 430, *et seq.*

It is no objection to the demand of oyer, that the party did not have the original, as the statute made a copy evidence, and it would have been sufficient to produce the copy.   7 Gill & Johns. 519.

But, it is said, the court erred in sustaining the demurrer to the plaintiff's replication.   Two causes of demurrer were assigned.

1st. That the replications showed no cause of action in Wadlington, at whose relation, and for whose use, the suit was brought.

2d. The replications are too general, in not showing the process or executions by virtue of which the defendant, Hamblin, collected the money.

To sustain the first cause of demurrer, it is insisted, that an assignment by Flournay to Wadlington of the money collected

by Hamblin, on executions belonging to Flournay, gave a mere equity to Wadlington, and that the only manner in which Wadlington could recover at law, was by action in the name of the governor, at the relation and for the use of Flournay, in whom the legal right to demand the money of Hamblin is said only to exist.

To sustain this position, our attention has been called to several cases in Virginia and Kentucky, which are supposed to be directly in point, and strictly analogous to the case before us. Yet, we think, upon examining them, it will be found, though seemingly analogous, that there is an essential difference between them and this case.

The first case, of *Taloon* v. *Elner*, 1 Leigh, R. 436, was not an action upon the bond for the use of the assignee, but was a motion made by the assignee of a judgment in his own name against the sheriff, for money collected by him under it; and the court only decided, as was decided by this court in *Wilson* v. *McElroy*, 2 S. & M. 249, that the assignee of a judgment having only an equitable interest, could not maintain a suit at law in his own name for the money collected under the execution.

The next case of *Burnett et al.* v. *Hornell et al.* 3 Leigh, R. 89, was not a suit upon the bond of a sheriff, but was an action upon an executor's bond, and the court certainly there held, that a suit could not be maintained on such bond in the name of the Commonwealth for the use of a party, to whom a legacy had been assigned by the legatee.

The cases referred to in Kentucky, in 3 A. K. Marsh. 1176, and 2 Litt. 357, were actions on sheriffs' bonds brought in the name of the Commonwealth for the use of parties to whom the judgment had been assigned, and it was held, that such actions could not be maintained; that the bonds could only be put in suit in the name of the Commonwealth for the use of the party in whose favor the judgment was rendered. In Virginia, in the case in 3 Leigh, R. 89, it was held, that the right of action on the bond given by the statute to "the person injured," was only given to the party having the legal title to the legacy. And in Kentucky it was said, that the condition in the sheriff's

bond " to pay to the person or persons entitled thereto," meant those persons having the legal title.

These decisions certainly go very far towards sustaining the views taken by the counsel for defendants in error, and probably would control our opinion, if the condition of the bond sued on in this case did not differ from the bonds on which those suits were brought.

The condition of this bond, which conforms to the statute in that particular, is, that the sheriff shall pay the money collected by him to " the person or persons to whom the same is due, his or their lawful attorneys, executors, administrators, or assigns." This bond, the statute authorizes to be put in suit, " at the costs and charges of any party injured." Hutch. Code, 441.

It will thus be seen, that there is a direct covenant to pay to the assignee of the party, for whom the money may be collected; and there is clearly a breach of the condition of the bond on a failure to pay to the assignee. It would seem necessarily to follow from these premises, that the " assignee " was a party injured in the meaning of the statute, for whose use the bond might be put in suit in the name of the governor. We admit, that the assignee of a judgment, or of money collected on a judgment, has not the legal title, and could not sue at law in his own name. But in suing on sheriff's bonds, the action is in the name of the governor. The legal title to the bond is in him. He is the legal party on the record, and where the bond stipulates for payment to be made to the " assignee," we can see no valid reason in not permitting the assignee, who is certainly the party injured, to put the bond in suit in the name of the governor for his use.

This view of the law seems to have been entertained by the court, in the case of *Brown, Gov. &c.* v. *Lester,* 13 S. & M. 393, which, though not precisely like the one before us, is scarcely distinguishable in principle.

Upon examining the condition of executor's bonds in Virginia, and of sheriff's bonds in Kentucky, it will be seen that neither of them have any condition for the payment of money collected, or of legacies to an " assignee." The condition is

therefore essentially different from sheriff's bonds in this State, and that difference, therefore, warrants us in making a different rule in this State on the subject of suits on the bond.

2. This brings us to a consideration of the second cause of demurrer, which is, that the replication is too general and indefinite. The replication assigns as a breach of the bond, that the defendant, Hamblin, collected several sums of money amounting to $  , by virtue of several executions in his hands, and does not set forth or show the specific sums received on each execution.

At first we were inclined to think this replication defective; but further reflection and examination of the cases decided have satisfied us that it is sufficient. In the case of *Lord Arlington* v. *Merricke*, 3 Saund. R. 410, being an action on a post-master's bond, the breach was assigned generally, that the defendant had received a certain sum for carrying letters and packets, without specifying either the number or the different sums of money received. And in a note to that case, it is said: " This seems to be the proper mode of assigning the breach in such cases, it being a rule of pleading, that where a subject comprehends multiplicity of matter, there, in order to avoid prolixity, the law allows of general pleading." 2 B. & P. 772; 1 Term, R. 753.

This doctrine has been fully recognized after full discussion in the case of *Shaw* v. *Farrington*, 1 Bos. & P. 640, and *Barton* v. *Webb*, 8 Term, R. 459.

The replications in the two last named cases were substantially the same with that before us. Upon the whole case, we are of opinion, that the judgment of the court below sustaining the demurrer was erroneous.

Judgment of the court below reversed, and cause remanded.