F. M. James, Sheriff *v.* The State of Mississippi, use of
A. H. Taylor.

1. Code 1857, Art. 188.—This statute was intended to give a remedy on the bond
of the sheriff, or other public officer, to any person who had sustained an injury, by
the misfeasance or non-feasance of the officer. In subordination, however, to the
rules prevailing in reference to actions and pleadings.

2. Rights of Assignee of a Judgment.—At common law the assignee of a judg-
ment could not maintain an action in his own name, because such chose in action
was not assignable, yet courts of law recognize the beneficial interests of assignees,
and afford them all the protection consistent with its modes of procedure. Whilst
parties suing at law, must be clothed with a legal title, yet when brought to its know-
ledge that another, than the plaintiff, has the equitable interest, in the subject of
the suit, that interest will be secured. Van Houten v. Riley, 6 S. & M., 440.

3. Suits on Bonds—A failure to discharge a duty is a breach of a bond, for which
the injured party may recover damages. Brown v. Lester, 13 S & M. 393.
In all suits upon official bonds, the usee in the intendment of the statute, represents
the beneficial right.

Error to the circuit court of Chickasaw county. Hon. W. D.
Bradford, Judge.

The facts of the case sufficiently appear in the opinion of
the court.

*Davis & McFarland,* for plaintiff in error :

This suit is founded upon the bond of F. M. James, sheriff
of Chickasaw county, and is brought to recover for the use of
A. H. Taylor, the amount of judgment in favor of B. T.
Palmer v. W. M. C. Steele.

There is but one question which it is necessary for us to
notice in this argument, or for the court to consider in mak-
ing up its decision, and that is, was the court below war-
ranted in overruling the defendant's demurrer to the
plaintiff's amended declaration ?

The suit is by the State of Mississippi for the use of A. H.
Taylor v. Frank. M. James, sheriff, and the securities on his
official *bond.*

The declaration assigns three breaches :

The *first* is, " that on the 21st day of March, 1866, Ben-

jamin T. Palmer sued out a writ of attachment against W. M. C. Steele, which was levied by the said F. M. James upon certain moneys in his hands and upon certain lands mentioned in the declaration, and that on the 21st day of October, 1867, in the circuit court of Chickasaw county, a judgment *nil dicit* was rendered in favor of B. T. Palmer, against the said W. M. C. Steele, for the sum $1253.25, for which an execution may issue, and that execution was issued. That plaintiff for the use aforesaid, avers that on the 24th day of April, 1866, the said Palmer transferred, in writing, all his rights, title and interest in and to the said attachment suit of B. T. Palmer, against the said Steele, to Alonzo H. Taylor, (usee,) for value received; that the said Taylor, on the 10th day of March, 1870, and on divers days before that time, and since, demanded of the said F. M. James, the money aforesaid condemned; that he has not paid the same over to the said Taylor, etc."

The *second* breach is for not returning the execution.

And the *third* breach averred is that the said F. M. James has failed to pay the money raised on the judgment to the said Alonzo H. Taylor, upon his demand, etc.

The demurrer assigns several causes, all the assignments raising substaintially the same question, which is, that this suit at law cannot be maintained for the use of Taylor. If he has any remedy it is in equity.

It will be remembered that the declaration avers that, on the 27th day of March, 1866, an attachment was sued out by B. F. Palmer, and that on the 21st day of October, 1867, a judgment *nil dicit* was rendered; that on the 24th of April, 1866, twenty-seven days after the issuance of the attachment, Palmer transferred to Taylor his right, title and interest in said *attachment suit;* that, notwithstanding this transfer, the suit was permitted to progress to judgment in the name of the said B. T. Palmer. The name of Taylor nowhere appears on the record or proceedings, or judgment. The legal title throughout the proceedings and in the judgment is continued in Palmer; the execution issued in the

name of Palmer, Taylor having a mere equity, if anything. To enforce this equity, this suit is brought.

The language of the Revised Code of 1857, art. 123, p. 124, is as follows : "Then, or in either of said cases, said sheriff, or other officer, and his sureties shall be liable to pay the *plaintiff* in said execution, or attachment, or to any person entitled to said money, or any part thereof, the full amount of the money due on said execution, or attachment." The first clause gives the remedy to the plaintiff; the latter gives it to the party " entitled " to the money.

This suit is not for the use of the plaintiff in the judgment; nor is Taylor in any attitude to claim the benefit of the last clause—that is, as a party, entitled. The record nowhere discloses any interest in him. It is not even endorsed to him by Palmer. How was James, the sheriff, to know Taylor was " entitled " to receive the money ? His claim existed in *pais*, and James, a ministerial officer, could not be required, nor had he power, to decide upon its validity. The record showed no transfer of interest by Palmer to Taylor. It was competent for the parties, after the alleged transfer of interest in the suit, to have connected Taylor with the record in such a manner as to leave no doubt as to his rights. Even after the rendition of the judgment in the name of Palmer, the execution might have been transferred or assigned, etc., but nothing of this kind is alleged, but the only mode pointed out by the pleadings by which Taylor claims, is the written assignment of the "interest, etc., in the suit." The record and execution ordered the sheriff to pay the money to Palmer, and it was his duty, as it was his right, to follow the record and obey the mandate. The statute nowhere authorizes him to do more than pay the money to the plaintiff or his attorney. He was not made the judge in a controversy between the plaintiff, Palmer, and the so-called transferee, Taylor. If the sheriff, James, was, by law, compelled to decide between Taylor and Palmer, his decision would be a *judicial* act, or it would not protect him. The execution—responsive to the judg-

ment and all the proceedings—commanded him to pay to Palmer, and he had no discretion or power to escape the duty it plainly imposed.  He had no power to determine the respective rights of these parties, and it does not alter the force of this proposition when it is averred in the amended declaration that James not only refused to pay Taylor, but Palmer also.  Taylor must stand or fall by the injury done *himself*, and cannot strengthen his own case by alleging injuries done to Palmer, additional to those he states have been done himself.  If it is said that the demurrer admits the failure to pay Palmer, as well as the failure to pay Taylor, since both are alleged in the declaration, the reply is, it is an admission of an immaterial allegation, not proper for Taylor to make, which could come only from Palmer himself, and, therefore, can form no part of *Taylor's* case, and will not be regarded by the court as an element in the case to be considered by the court.  The *record*—the judgment and execution—alone could be looked to by the sheriff, who was but a *ministerial* officer, bound to obey the mandates of the court, in determining what his duties were, and his duty to be governed by the record could not be controlled by the agreement in *pais*.  He had no judicial power to decide rights, and the only safe course for him to pursue under the circumstances detailed in the plaintiff's amended declaration was to refuse to pay Taylor.  Payment to Taylor, with no other authority than that alleged, could afford no protection to James as against Palmer.  Taylor had the power, during the course of the proceedings, to have had his legal status with the case, and to the judgment, the execution and the money stamped upon the record, and if he failed to do this, having the rights he now asserts, he ought not to be permitted to fix a liability upon the sheriff and his sureties, for his refusal to be controlled by aught but the most solemn evidence of the rights of parties and his duties.

In the case of Wilson v. McElroy, 2 S. & M., 249, the court say that the assignee of a judgment, having only an equitable interest, cannot maintain a suit at law in his own name

for the money collected under the execution. This case asserts as law, two propositions: *first*, that the "assignee" of a judgment acquires only an equity; *second*, that a party holding only an equity cannot maintain a suit in his own name at law.

Now, in the case under consideration, the suit is virtually in the name of Taylor, the "assignee," because he does not derive title from the State, nor has the State the legal interest in the judgment. The legal title is in Palmer, and has never been parted with by him. He has never transferred his title to the *judgment;* his transfer was only the interest in *the suit,* and that before the judgment which is in the name of Palmer. The State only allows the use of its name to enable parties to enforce *legal* rights, not *equities,* or in cases authorized by statute.

In the case of Bennett *et al.* v. Howell *et al.,* 3 Leigh R., 89, the court say that a suit cannot be maintained on an administrator's bond in the name of the commonwealth for the use of a party to whom a legacy had been assigned by a legatee. Why not? The legal title to the legacy was not in the commonwealth, and the assignee, having but an equity must go into a court of chancery. If an assignee of a legacy could not maintain his action in the name of the commonwealth, why can an assignee of the interest in a suit at law proceed in the name of the State? He certainly cannot, unless some statute authorizes it. Taylor, by his counsel, assumes that our statute does authorize it, and that this court, in the case of Matthews v. Bailey *et ux.,* 25 Miss., 34, have so decided. That case is misunderstood, if invoked in aid of that assumption. That decision was predicated upon a construction of the statute (Hutch.) which gave to the assignee the right to proceed, and upon the condition of the bond. See Hutchinson's Code, p. 441. Judge Yerger, in his opinion, says that, but for this statute, and the condition, etc., the court would be controlled by the cases already referred to, and the case in 3 A. K. Marshall, 1176, and 2 Litt., 357, which we will presently notice. This statute, as

previously remarked, gives to the assignee the right to sue in the name of the State.

The Code, 1857, art. 123, p. 122, under which·this suit was instituted, is much more limited, and is almost, if not quite, in the language of the Kentucky statute, construed in the case in 3 A. K. Marshall, 1176. That case was an action on sheriff's bond, as is this, by an *assignee* of a *judgment,* in the name of the commonwealth, and the court held that such action could not be maintained; that the bond could be put in suit only in the name of the commonwealth, for the use of the party in whose name the judgment was rendered; that the condition in the sheriff's bond, " to pay to the person, or persons, entitled thereto," meant " those persons having the *legal* title." The Code of 1857 declares, that the sheriff shall be liable to the *plaintiff,* or any person " entitled to said money." The word " entitled " is in the Kentucky statute, and in our statute of 1857, and the construction given to the Kentucky statute must be adopted; has virtually been adopted by this court, in Matthews v. Bailey, *et ux.,* 25 Miss., 34. Justice Yerger, in that case, said, " these decisions certainly go far towards sustaining the views taken by counsel in error, and probably would control our opinion, if the .condition of the bond sued on in this case did not differ from the bonds on which those suits were brought." The bond in the suit at bar does not differ from the bonds sued on in the case referred to, and does differ from the bond in the case, in the decision of which the language above quoted was used, as much as that bond differed from the bonds in the Kentucky case, and Virginia cases.

Farther on in the opinion, Justice Yerger says : " We admit that the *assignee* of a judgment, or of money *collected* on a *judgment,* has not the *legal title,* and could not sue at law in his own name. But, in suing on a sheriff's bond, the action is in the name of the governor; the legal title to the bond is in him. He is the legal party on the record, and *when the bond stipulates* for the *payment to be made to the '* assignee,*'* we can see no valid reason in. not permitting the assignee

to put the bond in suit for his use." Now, the effect of this language is, that a party authorized by statute to put the bond in suit for his use, may do so, and as an "*assignee*," by *statute* and by the *bond*, in the case *then* at bar, was, in *express* language, authorized to sue, he might do so; but the court will see that the word "assignee" is not to be found in the act of 1857, or in the bond sued on in this case.

It must be clear then, that the construction given to the word "entitled" by the Kentucky and Virginia court, should prevail in this case; that it was not adopted in the case of Matthews v. Bailey, *et ux.*, only because the bond in that case uses the word "assignee" as well as the statute. Hutch. Code, 441.

We regard the construction contended for as founded in principle. The relaxation of ancient rules, to include certain classes of equitable rights amongst those enforceable in courts of law, has not gone to the extent of embracing an equity like the present. Unless authorized by statute, we apprehend there is no principle that would permit the name of the State to be used here for the enforcement of such an equity. It is equally against principle and precedent.

We conclude by submitting that the party to sue at law must have a legal title, or by statute be authorized to use the legal title to warrant a suit at law. That right not having been conferred in this case by statute, the remedy of Taylor, if any, is in chancery, and that the court below should have sustained the demurrer, and this is strengthened when it is remembered that the obligation of the *securities* is to be strictly construed.

*Houston & Reynolds*, for defendant in error:

On the 21st of March, 1866, one Palmer sued out an attachment against Steele, which was levied by F. M. James, sheriff, on certain money in his hands, and on land. On the 24th of April, 1866, Palmer, in writing, and for a valuable consideration, transferred his suit against Steele to Alonzo H. Taylor, defendant in error; which transfer was known to

James, sheriff. In October, 1867, a judgment was rendered in the name of Palmer and against Steele in the attachment suit. This judgment condemns the land and money levied upon, orders the sale of the former, and that the sheriff pay the latter (money) over to the plaintiff.

In 1870, Taylor sues James, sheriff, on his official bond and assigns three breaches: first, his failure to pay over the money levied upon in the attachment of Palmer v. Steele, and ordered by the court to be paid over to the plaintiff; second, for his failure to return an execution emanating from the judgment of Palmer v. Steele, the judgment being in *rem* and *personam;* third, for his failure to pay over certain money collected by him on an execution and *vendi* in Palmer v. Steele.

The only question which is presented for the consideration of the court is: Whether or not Taylor acquired such an interest by the transfer of Palmer to him that he can sue the sheriff for a neglect of duty in the case of Palmer v. Steele? There is no question between Palmer and Taylor as to the transfer or its validity, none as between Taylor and Steele, nor is it pretended that James, the sheriff, ever paid the money levied upon and condemned in his hands, or that which he collected on the execution and *vendi*, over to Palmer. The point presented is: Can the assignee of a judgment, or of a suit, sue the sheriff, upon his official bond, *in a court of law?*

"A person may be entitled to the benefits of a suit, and not be technically a party to it." The real plaintiff may transfer to another the proceeds of a suit. Peck v. Ingraham, 28 Miss., 246, 266; Pearce v. Twichell, 41 ib., 346.

A judgment may be assigned, and the assignment will pass the beneficial interest to the assignee, who will have the right to use the name of the judgment creditor to enforce execution. Tombigbee R. R. Co. v. Bell, 7 How., 216; Vanhouten v. Riley, 6 S. & M., 440.

It is a general rule that no one can sue upon a bond who is not the obligee, or an assignee, or who *is not authorized.*

*by law to sue.* Upon an official bond in this State, no one can sue but the State (the obligee), or *those authorized by law to sue.* The legal title to the bond is in the State ; she is the party on the record representing the legal title. The legal title to the official bond of a sheriff is in the State of Mississippi ; it is payable to her ; she is the obligee ; the contract is with her. A citizen aggrieved by the act of the sheriff has no right to seek redress by suit upon the bond, unless authorized by law to sue. She may, by statute, authorize any person, whether he be the holder of a legal or equitable interest, whether he be the plaintiff in execution or the assignee of a suit or judgment, if aggrieved by the official acts of a sheriff, to sue upon his official bond. We now proceed to inquire, does the statute authorize the assignee of a judgment or of a suit, upon the failure of a sheriff to return process or pay over money, to sue upon his bond ? Article 188, page 137 of Code of 1857 (this action was brought before the adoption of the Code of 1871), directs that the bonds of all public officers shall be payable to the " State of Mississippi," " and shall be put in suit in the name of the State of Mississippi, for the use and benefit of *any person injured by the breach thereof.*" The language is general. " *Any* person injured." It is not limited to injuries to legal rights, but to equitable as well as legal.

It is contended by counsel for plaintiff in error that these words have received a judicial interpretation in Burnett v. Harwell, 3 Leigh., 89 ; that it was there decided, " that the right of action given by the statute to the 'person injured' was only given to the party having a legal title," and that this construction is approved in Matthews v. Bailey, 25 Miss., 35, 36. A different construction is given to the words by our High Court of Errors and Appeals, and by the courts of other States. Brown v. Lester, 13 S. & M., 392, was an action on the official bond of a circuit clerk. The breach of duty complained of was the failure of the clerk to docket a suit brought in the name of *Weaver, for the use of Ellis,* and it was insisted that Weaver was a necessary party

plaintiff. "Suits on these bonds," says Mr. Chief Justice Sharkey, "must be brought by the party who has been injured; Weaver has sustained no injury, and is not a necessary party. The suit must be brought in the name of the Governor, for the *use of the injured party.*"

The statutes of Tennessee declare that for every false return, the sheriff shall be liable to a penalty of $125.00, and "be further liable to the action of the party aggrieved," (injured) for damages. In Huffaker v. Green, 1 Coldwell, 162, the supreme court say, "we are of opinion that, under this statute, only the plaintiff in the execution, or some one *having the beneficial interest therein, by transfer or assignment from him, either in fact or by operation of law,* can be regarded as the party aggrieved by the false return of an execution." To the same effect are the following cases: Harrison v. Brown, 1 Swann, 272; Alexander v. Hancock, 2 Rich., 100; State v. Herod, 6 Blackf., Ind., 444; Burson v. Blair, 12 Ind., 373; 7 Bush, 250; 10 Ala., 546; 34 Georgia, 173.

The assignee of a suit or judgment is the "party injured" by the failure of the sheriff to execute process or pay over money collected, and when the statute gives a right to sue upon the sheriff's bond, for such failure, to the "party injured," it is against the plain and accepted meaning of the terms to limit the right to the plaintiff in the suit or judgment.

There are other provisions in the Code which strengthen the foregoing conclusion. Article 123, page 124, Code 1857, provides that if any sheriff shall collect, by execution or attachment, any money, and shall not immediately pay the same "to the party entitled thereto," such sheriff shall be liable to pay to "*the plaintiff in execution or attachment or to any person entitled to said money,*" the amount, with damages. For money collected, the sheriff is liable, not only to the plaintiff in execution or attachment, but "*to any person entitled to said money.*" An assignee of a judgment or suit is entitled to the money collected on an execution

emanating from such judgment or suit, and if the sheriff, having knowledge of such transfer, were to pay the amount thus collected to the plaintiff in the suit or execution, it would not discharge him. Marshall v. Craig, 2 Bibb., 291; Gregory v. Waters, 19 Georgia, 71. The assignment of a judgment, whether by parol or in writing, entitles the assignee to the money collected thereon, and to the control of the judgment, which a court of law protects. Braham v. Ragland, 3 Stew., 347; Black v. Everett, 5 Stew. & Port., 60; Tombigbee R. R. v. Bell, 7 How. Miss., 216; 5 Ala., 86; 9 Ala., 433; 15 Ala., 253. The assignee of a suit or judgment being entitled to the money arising from such suit or judgment, is included in the very terms employed in the statute, and authorized by it to sue the sheriff for his failure to pay over.

It is contended, that in Kentucky, it has been decided that the phrase " to pay to the person entitled thereto," meant those persons having the legal title. In the Kentucky statue, the words " to pay to the person entitled thereto," are not coupled with the words " plaintiff in execution or attachment," as they are in the Mississippi statute. The Code of Mississippi provides that the sheriff shall be liable to pay to the " plaintiff in execution," " *or to the person entitled to the money.*" A plaintiff in execution alone has the legal title, and if the words " person entitled to the money," refer only to those having the legal title, they are without force and effect, a mere repetition of the same thing before expressed. It is a cardinal rule in the construction of statutes, that force and effect must be given to all the words employed in a statute. To construe correctly, the article of the statute referred to, we must apply the words " plaintiff in execution " to a different class of persons from the words " to any person entitled to said money." That class is, any person entitled by assignment or otherwise, to the avails of a suit or the proceeds of an execution or attachment.

Art. 119, p. 123, of Code of 1857, provides that for the failure of the sheriff to execute process, he shall, on motion,

be fined, not exceeding $100.00, one moiety to the party aggrieved, the other to the use of the county, and such sheriff shall be liable to the action of the "party aggrieved" by such default. The remedy is not limited to the plaintiff, but to the "party aggrieved." The "party aggrieved" is decided in 1 Cold., 162, to be the plaintiff or an assignee.

For a false return, art. 120, p. 123, gives a remedy, *by motion, alone* to the "plaintiff in such process."

For a failure to return an execution, art. 121, gives a remedy, *by motion,* alone to the "plaintiff in such execution."

For a failure to pay over excess arising from a sale under execution, a remedy is given by art. 124, "*to the debtor or such other person as may be entitled thereto;*" to the debtor or to whomsoever he may transfer it.

The conclusion is, that except under arts. 120 and 121, the remedy against the sheriff is given to the "party injured," to the "party aggrieved," to the "plaintiff in execution or attachment, or to the party entitled to the money," and that it was the intention of the legislature not to restrict the remedy to parties having the legal title, but to extend it to all persons injured or aggrieved by the breach of a sheriff's bond.

The case of Wilson v. McElroy, 2 S. & M., 241, does not conflict with these conclusions. That was an action by the assignee of a judgment against certain parties, *not a sheriff and sureties,* for forcibly and fraudulently preventing the sheriff from levying upon certain property. It was held, that the assignee failed to show such a legal title as would support the action. Wilson v. McElroy was not a suit upon a sheriff's bond, where a right of action is given by statute to the party injured.

The question was before the high court in Matthews v. Bailey, 25 Miss., 33. That was an action by Wadlington against Hamblin and sureties, on his official bond as sheriff, and for a failure to pay over money collected on a judgment

assigned to Wadlington by Flournoy. It was insisted, that the assignment to Wadlington gave him a mere equity, and that the right to sue was in Flournoy alone. The court decided, that as the condition of the sheriff's bond was to pay the money to the person to whom the same may be due, his attorney, *or assigns,* Wadlington, the assignee, could maintain the action. In that case, the condition of the bond determined the right to sue upon it, and those injured by the breach. Under the Code of 1857, the condition of a sheriff's bond is general, " to execute and perform the duties of his office," and the right to sue is given, not as under Hutch. Code by the term of the bond, but by the statute, which declares that the bond may be put in suit, in the name of the State, for the use of the injured party, whoever he may be, whether plaintiff in execution or assignee.

But it is urged that the remedy of Taylor was in a court of equity. How in a court of equity? No one can sue upon a bond in a court of equity to enforce a demand of which the court has jurisdiction, unless he is the obligee, or assignee, or is authorized by law to sue. The sheriff's bond is not payable to Taylor, it has not been assigned to him, and according to the position assumed by counsel for plaintiff in error, he is not authorized by law to sue upon the same. Taylor has no remedy in a court of equity.

Palmer cannot sue the sheriff, because he has assigned his interest to Taylor, 13 S. & M., 392.

Taylor cannot sue in a court of equity, for the reasons stated.

It will not be denied that the failure of the sheriff to pay over money collected, or to return process, is a legal wrong, and for the redress of it, there must exist a legal remedy. But in this case, according to the position assumed by counsel for plaintiff in error, Taylor has no remedy, Palmer has none, and the result is, the sheriff can collect the money, and yet no one has the right to recover from him. Upon plain principles, if Palmer cannot sue, Taylor can, and alone in a court of law.

SIMRALL, J., delivered the opinion of the court:

Suit was brought by the State, as nominal plaintiff, for the use of Alonzo H. Taylor, against the sheriff and his sureties on his bond. The breaches are, substantially: that the real plaintiff, Taylor, was assignee of all the right, claim and interest of one Palmer, to an attachment suit in his favor, as plaintiff, against one Steele, upon which judgment was recovered, and the attached property subjected to the debt; money was levied upon by the sheriff, which was in his hands, which he has failed to pay over to Taylor. Another breach is, that he failed to return an execution.

The question was raised by demurrer to the declaration, whether Taylor, being equitable owner of the judgment, and any money realized upon it, could maintain the action. Article 188, Code of 1857, page 137, prescribes that " the bonds of all public officers  *  *  *  shall be payable to the State of Mississippi, and shall be put in suit in the name of the State, for the use and benefit of any person injured by the breach thereof," and such persons shall be liable for costs.

In the absence of judicial construction in this State, and elsewhere, it would seem to be the clear purpose of the legislature to give the remedy on the bond of the sheriff, or other public officer, to any person who had sustained an injury by the misfeasance or nonfeasance of the officer. To whomsoever a substantial right belonged, affected injuriously by the non-action or misconduct of the sheriff, for him the remedy was meant. Intended, of course, in subordination to the rules prevailing in reference to actions and pleading.

At common law, the assignee of a judgment could not sue in his own name, because such chose in action was not assignable; yet courts of law have long recognized the beneficial interests of the assignee, and afforded them all the aid and protection consistent with its modes of procedure. Whilst parties suing at law must be clothed with a legal title, yet, when brought to its notice that another than the plaintiff has the equitable interest in the subject of the suit,

VOL I—28

that interest shall be secured. Thus, in Vanhouten v. Riley, 6 S. & M., 410, the assignee of the judgment, who was a distributee of the estate, was protected in the use of the process of the court, to obtain satisfaction out of the property of the estate, which had lately been distributed.

In Brown v. Lester, 13 S. & M., 393, the suit was brought in the name of the Governor, by the usee, in an action against the clerk of the circuit court, upon his official bond, for a failure to place the suit upon the issue docket, whereby the plaintiff failed to recover a judgment at that term, and his debtor became insolvent.

The objection was made by demurrer to the declaration, that the plaintiff did not show a cause of action in himself, it being claimed that one Weaver, being the nominal plaintiff in the suit omitted to be docketed, was a necessary party. But, said the court, "Weaver was but a nominal party to the first suit. The plaintiff was the party benefi-cially interested, and the party who has sustained the in-jury. Suits on these bonds must be brought by the party injured. Weaver has sustained no injury. The suit must be brought in the name of the Governor, for the party in-jured." The condition of the bond in that case was for the faithful performance of the duties of the office. " A failure to discharge a duty " is a breach for which the injured party may recover damages.

The condition of the sheriff's bond, as defined in the Code of 1857, is a comprehension, in general words, of his entire official duties, instead of an enumeration of the various things required of him, as under the previous law. The condition is, " that he shall discharge all the duties of said office, and all the things and acts required by law, or inci-dent to the said office."

The case of Matthews v. Bailey, 25 Miss. Rep., 36, (de-cided in 1852), was a suit by the assignee of the judgment creditor, upon the sheriff's bond. Among other stipulations in the bond, the sheriff " shall pay all money collected by him to the persons to whom the same is due, his or their

lawful attorneys, executors, administrators, or *assignees.*" It was held that the " assignee," being named in the condition, could, of course, maintain the action. But the correctness of the principle laid down in Governor use of Brown v. Lester, 13 S. & M., 393, is distinctly affirmed, and said not to be distinguishable in principle from the case before the court.

We are unable to see how the rules of pleading stand in the way of sustaining the suit. The legal plaintiff in the cases quoted was the governor; in the case before us, the State. So that the obligee of the bond, as legal plaintiff, having legal title, sues for the use of the party injured. In all suits upon official bonds, the usee, in the intendment of the statute, represents the beneficial right, whether he is entitled to the money withheld by the sheriff, as plaintiff in the judgment, or as his assignee. Neither can sue directly upon the bond, because neither have legal title to the instrument. But the assignee of the judgment, and of the money due upon it, is the only party that can be injured by the default of the sheriff, and he presents his claim for redress through the legal title, the obligee of the bond.

We think the case is covered by that of Brown, Gov., etc., v. Lester. The rule there laid down meets our entire approval.

Wherefore the judgment is affirmed.