### J. H. MARSHALL, USE, ETC. v. T. W. STEWART ET AL.

1. BOND OF INDEMNITY. *Action thereon. Code* 1880, § 1754.

    An indemnifying bond under § 1754, code 1880, is in substitution merely of the common-law liability of the officer for trespass in levying upon property of another than the defendant. The statute does not confer a right of action on such bond upon one who might not at common law have sued the officer for the trespass.

2. SAME. *Beneficiary in trust-deed cannot sue. Title.*

    Such a bond is conditioned to pay to any person " *claiming title* to the property, all such damages, etc." The beneficiary in a trust-deed on property seized under execution against another has no such title or interest as will enable him to sue on the bond.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

Matheny, a furniture dealer, of Aberdeen, Miss., had a stock of goods. The appellees, T. W. and R. B. Stewart, recovered a judgment against him February 22, 1889, for $465.86. While the suit was pending, on January 26, 1889, Matheny executed to W. H. Vassar, as trustee, a trust-deed, to secure Clifton & Eckford a debt of $750, due thirty days from that date. By this deed the entire stock of goods, designating the articles, was conveyed to the trustee with the usual provision giving a power of sale on default in the payment of the debt after maturity, such sale to be made at the request of the beneficiaries, or either of them. It was also stipulated that any surplus remaining, after payment of the debt and

expenses, should be paid over to Matheny, the grantor; and, until foreclosure, it was further stipulated that Matheny should remain in possession of the property without replenishing, and that he might sell the goods, paying the proceeds to Clifton & Eckford as a credit on their said debt. This deed was duly recorded January 28, 1889. Execution was issued on the Stewart judgment February 26, 1889, and was the next day levied on these goods in the possession of the defendant, Matheny. On that day Clifton & Eckford notified the sheriff making the levy that they held the trust-deed on the goods, and made a written request that he require of the plaintiffs in execution an indemnifying bond, which was done, and the bond was given. The trustee made no demand for such a bond, and took no steps to foreclose the trust-deed. Nor was he requested by the beneficiaries to foreclose. The sheriff advertised and sold the property. At the sale Clifton & Eckford again gave notice of their trust-deed. By consent of all parties, the goods were sold in bulk, and were bought in by the appellant, Q. O. Eckford, for Mrs. Matheny, wife of the defendant, for $150.50.

This suit was then brought on the indemnifying bond for the use of Clifton & Eckford. On the trial the above facts were shown, and there was evidence tending to show that the sheriff announced at the sale that he sold the goods subject to the lien of the trust deed, but this was controverted. There was also evidence tending to show that the goods were worth about $800.

The court was asked to instruct the jury that if the trust-deed of Clifton & Eckford was due at the time of the levy or sale, the verdict should be for plaintiff for the value of the property.

The court refused so to instruct, and gave a peremptory instruction for defendants. Plaintiffs appeal.

*Clifton & Eckford*, for appellant.
(No brief on file.)

*Bristow & Walker*, for appellees.

The legislature did not propose to open to the world the right to sue on this statutory bond of indemnity. Section 1754 of the code limits the indemnity and the right of action to, "any person

claiming title" to the property. Clifton & Eckford do not claim title to the property, and it is not pretended that they had any. *Strickland* v. *Kirk*, 51 Miss. 795; *Clark* v. *Wilson*, 53 Ib. 119; *Wathen* v. *Glass*, 54 Ib. 387; *Black* v. *Robinson*, 61 Ib. 58; *Pollard* v. *Thomas*, Ib. 152. The trustee asserted no title, and does not sue. This is not a question of equitable right, but of *title*, under the very terms of the bond and the statute. Only the person claiming title can sue, and he must "in reality be the owner." *Swain* v. *Alcorn*, 50 Miss. 323.

It is not the effect of § 1204 of the code to make the mortgagee or beneficiary the legal owner after condition broken, except so far as may be necessary to get possession or make the security available.

If Clifton & Eckford, merely having a lien, can sue, then every holder of a prior enrolled judgment may maintain an action on an indemnifying bond.

COOPER, J., delivered the opinion of the court.

The bond of indemnity provided for by section 1754 of the code is in substitution of the common law liability of the sheriff for the trespass committed by him in levying upon property of one other than the defendant in execution. *Swain* v. *Alcorn*, 50 Miss. 320; *Shattuck* v. *Miller*, Ib. 386. The statute does not confer a right of action on the bond upon persons who might not have sued the officer for the trespass. The bond is conditioned to pay and satisfy to any person "claiming title to the property seized, all such damages which such persons may sustain in consequence of such seizure and sale."

Section 1755, which provides for the remedy on the bond, declares that "any person claiming the property levied on may prosecute a suit."

The usees in this action, Clifton & Eckford, aver themselves to be the owners of the property seized. The evidence shows a deed from the former owner to one Vasser, trustee, to secure the payment of a debt due to Clifton & Eckford. This does not show that they had either title or claim to the property. It shows merely a right to have a sale of the property by the trustee for their benefit.

They could not have sued the sheriff in their own names, and since this could not have been done, they were not entitled to sue as usees in this action.

In *Brown* v. *Lester*, 13 S. & M. 392, where suit had been brought in the name of one for the use of another, and the clerk failed in discharging his duty of putting the suit on the issue docket, suit was brought on the bond of the clerk in the name of the governor (to whom it was payable) for the benefit of the usee in the first suit. It was held that the usee might sue, because the condition of the bond was to pay to. the "party injured" by the neglect of duty, and the injury was to the usee, and not to the nominal plaintiff.

*Matthews* v. *Bailey*, 25 Miss. 33, was an action on the bond of a sheriff by the assignee of a judgment under which the sheriff had collected the money demanded. The court upheld the right of the assignee to put this bond in suit in the name of the governor for his use, on the ground that the bond was conditioned to pay the money collected to "the person or persons to whom the same is due, his or their lawful attorneys, executors, administrators, or assigns," and the statute authorized suit to be brought by the "party injured." But for this the right would have been denied.

The bond on which this suit is brought is not conditioned to pay damages, save only to the persons "claiming title" to the property levied on and sold, and the statute authorizes such persons alone to sue. The plaintiffs do not fall within the terms of the bond or of the statute conferring the right of suit, and the court properly instructed the jury to find for defendants.

*Judgment affirmed.*