Statement of the case.

### J. H. Marshall, use W. H. Vassar, Trustee, v. T. W. Stewart et al.

1. Indemnifying Bond. *Action. Trespass.*
   In a suit on a sheriff's indemnifying bond recovery can only be had on such proof as would render the officer liable in trespass for a conversion at common law.

2. Trust-Deed. *Execution. Seizure of property. Damages. Action by trustee.*
   Where, before condition broken, personal property incumbered by trust-deed is in possession of the grantor, its seizure under execution against him is not a trespass. The trustee, having no right to possession, cannot complain.

3. Same. *Condition broken. Possession. Demand.*
   If after the levy the debt matures, thereby giving the trustee the right of possession, he makes no demand for the property, its retention by the sheriff before sale is no trespass.

4. Same. *Equity of redemption. Sale. Trespass.*
   When property so situated is seized and advertised by the sheriff, who assumes to deal with the entire interest, but afterwards abandons this purpose and sells the property, subject expressly to the superior lien of the trust-deed, the trustee not having demanded possession, there is no trespass, and the trustee cannot recover for this on an indemnifying bond.

From the circuit court of Monroe county.

Hon. Lock E. Houston, Judge.

Matheny, a furniture dealer of Aberdeen, Miss., owned a stock of goods. T. W. and R. B. Stewart recovered a judgment against him February 22, 1889, for $465.86, which was duly enrolled. Before recovery of the judgment, on January 26, 1889, Matheny executed to W. H. Vassar, as trustee, a trust-deed to secure Clifton & Eckford a debt of $750, due thirty days from that date. By this deed the entire stock of goods, the articles being designated, was conveyed to the trustee with a power of sale, on default in the payment of the debt after maturity, the sale to be made at the request of the beneficiaries, or either of them. It was stipulated that any surplus remaining after payment of the debt and expenses, should be paid over to Matheny, the grantor; and, until

foreclosure, it was stipulated that Matheny should remain in possession of the property without replenishing, and that he might sell the goods, paying the proceeds to Clifton & Eckford, as credit on their debt.    The deed was duly recorded January 28, 1889. Execution was issued on the Stewart judgment February 26, 1889, and was the next day levied on these goods in the possession of the defendant, Matheny.    The sheriff took possession of the goods, and indorsed on the execution that he had levied upon the same as the property of the defendant.    On that day Clifton & Eckford notified the sheriff of their trust-deed, and made a written request that he should require of plaintiffs in execution an indemnifying bond, which was done, and plaintiffs gave the bond in the usual form.    The trustee made no demand for such a bond, and took no steps to foreclose the trust-deed ; nor was he requested by the beneficiaries to foreclose.    Neither he nor the beneficiaries demanded possession of the property.    The sheriff advertised and sold the goods as the property of Matheny.    They were valued by the sheriff at $352.50, but there was evidence tending to show that they were worth about $800.    By consent of all parties, the goods were sold in bulk under the judgment, and were bought in by Q. O. Eckford, one of the beneficiaries in the trust-deed, for Mrs. Matheny, wife of the defendant in execution, for $150.50.

This suit was then brought on the indemnifying bond, for the use of W. H. Vassar, the trustee in the deed above mentioned.    In the declaration it was averred that, by reason of the seizure and sale of said goods, which was alleged to be wrongful, the said W. H. Vassar, trustee, had lost said property and the proceeds thereof, to his damage, etc.    To the declaration several pleas were interposed, the nature of which it is not necessary to set out.    On the trial the above facts were shown.    The indorsement of the levy and the advertisement of the sale were in the usual form.    The testimony showed that there was no reference in the advertisement to a sale merely of the equity of redemption, or that the sheriff would sell the property subject to the prior lien of the trust-deed ; but there was evidence showing that at the sale, the deputy sheriff who was conducting it, when notice of the trust-deed was given,

stated that he only sold such interest in the property as defendant, J. M. Matheny, had. The sheriff returned on the execution that he had made proclamation at the time of sale that he was selling the property subject to the deed of trust, and the deputy who made the sale testified that he made this proclamation. Q. O. Eckford, one of the beneficiaries, who was present at the sale, testified that he made the demand on the sheriff for the indemnifying bond, informing him that he would be held responsible if a good bond was not taken. He furthermore testified that he heard nothing of the purpose of the sheriff to sell the property subject to the trust-deed, and knew nothing about this until he saw the sheriff's return after the sale.

E. H. Bristow, attorney for the plaintiff in execution, was present at the sale, and testified to the fact that the sheriff stated in substance that he sold the property subject to the trust-deed. He further testified that as attorney for plaintiffs he was ready to release the levy and deliver the property to the trustee, if demand had been made for the same under the trust-deed.

One E. R. Ligon, a witness for the defendant, on cross-examination stated that by request of the sheriff he went to the sale, going by the office of Mr. Bristow, the plaintiff's attorney; that Mr. Bristow said nothing to him about the sale of the equity of redemption, and that he bid upon the goods, supposing that the entire interest therein would be sold. He further testified that, while bidding, Mr. Clifton went to him and asked if he desired to pay $700 on the goods, but did not mention what $700, or anything about a trust-deed.

The evidence being concluded, several instructions asked by plaintiff were refused, and the court gave the jury a peremptory instruction to find for defendants, and judgment was entered accordingly.

Plaintiff appeals. The opinion contains a further statement of the case.

*Clifton & Eckford,* for appellant.

There are two questions in this case : (1) Whether the conditions on which the right to maintain the suit existed. (2) Whether

in the levy and sale the sheriff assumed to deal with the entire interest in the property, or with the equity of redemption only.

The breach of the condition in the trust-deed conferred title on the trustee and the right of possession. *Morris* v. *Rucks*, 62 Miss. 81. After that he could certainly sue for a conversion or an injury to the property. *Railroad Co.* v. *Hawkins*, 65 Miss. 203 ; *Loeb* v. *Railroad Co.*, 60 Ib. 938, and cases cited.

It was not necessary for the plaintiff to interpose a claim for the property. *Woolner* v. *Spalding*, 65 Miss. 204.

By the wrongful act of the defendant the property was taken from Matheny, and as it would have been out of his power to comply with the demand for possession, plaintiff was excused from making the demand. *Morris* v. *Rucks*, *supra*.

There was no condition in the trust-deed requiring the beneficiaries to request the trustee to take possession of the property ; nor was it necessary for the trustee to take possession in order to make a valid sale. This distinguishes the case of *Bowman* v. *Roberts*, 58 Miss. 130, from *Morris* v. *Rucks*.

When the indemnifying bond was given, the right of possession had accrued to plaintiff, and this right was certainly superior to that of the defendants. This action being trespass, no demand of the wrong-doer before suit was necessary. Waterman on Trespass, 525 ; *Inlay* v. *Sage*, 5 Conn. 489 ; *Witherspoon* v. *Blewett*, 47 Miss. 570 ; *Newell* v. *Newell*, 34 Ib. 386.

But asking for an indemnifying bond operated as a demand, and this was met by the giving of the bond, in which it was recited that the goods were levied on as the *property of J. M. Matheny.*

At common law the equity of redemption was not vendible under execution. Freeman on Ex. sections 117, 163, 274 and cases cited.

Our own court decided this prior to 1857, notwithstanding the statute of 1822. Hutch. Code, p. 610. *Thornhill* v. *Gilmer*, 4 S. & M. 153 ; *Marlow* v. *Johnson*, 31 Miss. 130.

The statute of 1857, which has been brought forward in the subsequent codes, changed this rule, and made the equity of redemption vendible under execution before or after condition broken,

and regardless of whether the mortgagee had the right to posses-
sion or whether the trust was fully executed.

After condition broken, the right to possession of mortgaged
chattels cannot exist in the sheriff and mortgagee at the same time.
If the sheriff levies on the same and declines to give them up when
demanded, or otherwise interferes with the mortgagee's title or right
to possession by seizing the whole property, he is guilty of a tres-
pass *ab initio*. *Butler* v. *Lee*, 54 Miss. 476; *Helm* v. *Gray*, 59
Ib. 54.

We recognize that the sureties on a bond of indemnity can only
be held liable for such damages as the sheriff could be made respon-
sible for in the absence of a bond.   But if the sheriff, after notice
of the mortgage, assumes to dispose of the chattels regardless of the
mortgagee's title, he becomes a trespasser from the beginning.   Free-
man on Ex. §§ 117, 163; 31 Ala. 451; 23 Mich. 530; Jones on
Chattel Mortgages, 561; 3 Wis. 227; 6 Ib. 635; 11 Ib. 375; 47
N. J. Law, 493.

The general rule is that if after notice the officer assumes to sell
more than the defendant's interest in the chattels, he is liable for a
conversion.   Freeman on Co. Ten. §§ 214, 310; 10 Wend. 319.

The real question in this case is whether the sheriff assumed to
levy upon and sell the whole interest in the property, and this is a
pure question of fact.   In the first place, the defendants are estopped
by the recitals of the bond and acts *in pais*, to show that only the
equity of redemption was sold.   In the next place, we insist that
it clearly appears that the sheriff *assumed* to sell the entire interest
in the property.   The bond itself recites that the goods were levied
on as the property of Matheny, and defendants are estopped to aver
that only the equity of redemption was levied upon and sold.
Bigelow on Estoppel, pages 302, 308, 309; *Laison* v. *Tremere*, 1
Ad. & E. 214, 28 Eng. Com. Law; 4 Met. 391; 15 Pick. 40; 3
Hill, 215; 45 Cal. 223; 23 Miss. 558; 26 Ib. 473; 38 Ala. 395;
73 Mo. 34; Drake on Attachment, pages 292, 329.

No mention was made in the levy or advertisement that only the
equity of redemption would be sold.   The bidders at the sale ex-
pected to get the whole property.   The attorney for plaintiff in

execution was himself at the sale, and said nothing about selling merely the equity of redemption. As the property was worth less than the mortgage debt, certainly he was not trying to entrap purchasers. The appellees are estopped both by deed and by acts *in pais* to deny that the sheriff assumed to sell the *whole property. Cocks* v. *Kuykendall,* 41 Miss. 65; *Tobin* v. *Allen,* 53 Ib. 567; *Morgan* v. *Nunes,* 54 Ib. 308.

We insist that the proceedings from commencement to finish show that the officer *assumed* to deal with the entire property. It makes no difference that from a legal standpoint the sale failed to convey what the sheriff assumed to sell.

*E. H. Bristow,* for appellees.

1. This is a simple suit in trespass for the conversion of property. If the sheriff was not guilty of a trespass, no action can be maintained on the bond of indemnity. *Moore* v. *Allen,* 25 Miss. 363; *Smoky* v. *Peters-Calhoun Co.,* 66 Ib. 471; *Marshall* v. *Stewart,* 67 Ib. 494.

2. There was no trespass. The sheriff found the goods in the possession of the defendant in execution, levied upon them, as was his duty, and advertised and sold them. Neither the trustee nor the beneficiaries made any objection to this; nor did either ever have possession of the property, or demand possession from the sheriff. The goods were liable to sale under execution, even after breach of condition in the trust-deed. Code 1880, § 1204; *Carpenter* v. *Bowen,* 42 Miss. 28; *Freeman* v. *Cunningham,* 57 Ib. 700; *Helm* v. *Gray,* 59 Ib. 54; *Buck* v. *Payne,* 52 Ib. 279.

The trustee could only take possession of the property after condition broken, and then only for the purpose of a sale. *Marshall* v. *Stewart, supra; Farmers L. & T. Co.* v. *Avera,* decided by this court at the last term, 7 So. Rep. 358. To the same effect, see *Buckley* v. *Daily,* 45 Miss. 338; *Bowman* v. *Roberts,* 58 Ib. 130.

Until demanded by the trustee, Matheny could sell, incumber or deal with the property as before maturity of the debt. Code 1880, § 1204; *Black* v. *Robinson,* 61 Miss. 54.

If the defendant in execution has a leviable interest in chattels and the sheriff gets possession of the same while in the hands of the grantor, and the trustee interposes no claim or demand, the sheriff can sell the interest of the grantor. For the purposes of such sale he was entitled to the possession of the whole property until the rule was changed by § 1770 of the code. *Saunders* v. *Young,* 31 Miss. 111; *Willis* v. *Loeb,* 59 Ib. 169.

In such cases the *law* regulates what the sheriff sells independently of what he may say. In this case it is immaterial that the sheriff did not say in terms that he sold the " equity of redemption." What's in a name ? That which we call an equity of redemption, " by any other name would smell as sweet." The sheriff merely sells that which is liable to sale. Murfree on Sheriffs, § 991; *Lewark* v. *Carter,* 10 Am. St. Rep. 42; *Kelly* v. *Mills,* 41 Miss. 276.

The decision in *Farmers L. & T. Co., supra,* is decisive of this case.

3. The levy was made before breach of condition, consequently there was no trespass in taking the property. Then the sheriff could only be guilty of a trespass by refusing to surrender the property *on demand made by the trustee. Butler* v. *Lee, supra.*

*W. B. Walker,* on the same side.

The goods were vendible under execution. Code 1880, § 1204.

The sheriff had the right of possession as against the world, except the trustee, after condition broken. The latter not asserting any right and not demanding possession of the goods, it was the duty of the sheriff to sell them subject to the trust-deed. *Butler* v. *Lee,* 54 Miss. 476.

Only the interest of the grantor was sold. The sheriff could never have sold more if he had tried, but he gave notice that he sold subject to the trust-deed. In such case the sheriff may levy on the equity of redemption, taking possession of the property, and he need not state in his return of the notice of sale, but that he will sell merely the equity of redemption. 18 Ind. 420; 21 Ib. 238; 5 Ala. 664; 17 N. Y. 202; 22 Ib. 225; 28 Ib. 587; *Butler* v. *Lee, supra; R. R. Co.* v. *Hawkins,* 65 Miss. 200.

Counsel for appellant claims that the bond of indemnity by reason of its terms estopped appellees. Without argument, on this point, we refer to *Smoky* v. *Peters-Calhoun Co.*, 66 Miss. 471; *Marshall* v. *Stewart*, 67 Ib. 494.

Argued orally by *W. H. Clifton*, for appellant, and by *W. B. Walker* and *E. H. Bristow*, for appellees.

Woods, C. J., delivered the opinion of the court.

If the sheriff, at common law, could be held, on the evidence in this case, guilty of a trespass, in the levy and sale of the personal property, for a conversion, then the obligors in the bond of indemnity are liable in this action, but, otherwise, not.

At the time of the levy by the sheriff the trustee was not in possession, nor was he entitled to possession. The debt had not matured, nor had condition been broken, and, hence, there was no trespass in the levy.

After levy and before sale, the right to possession in the trustee arose, but he failed to make any demand for possession, and therefore there was no trespass in the retention of possession by the sheriff before sale.

Was there trespass by the sheriff in the sale of the property? If the sheriff *assumed* to deal with the entire property in all his proceedings, then there was trespass, though, as matter of law, he finally sold only the equity of redemption of the defendant in execution.

That the sheriff did *assume* to deal with the entire property in his levy and advertisement of sale is, we think, manifest; but, that he abandoned this assumption before the sale was made by him, is equally manifest. It is clear that in the sale itself the officer assumed to deal with the property subject to the deed of trust of Clifton & Eckford. He *assumed* originally to deal with the entire property: before sale, he abandoned this assumption and, at the last, dealt only with the interest of the mortgagor, the defendant in execution, in the property. Can the officer be denied access to the *locus pœnitentiœ?* We think not.

After the sale, under the circumstances just referred to, there

was nothing, so far as the record discloses, which prevented the trustee from securing the property and subjecting it to the satisfaction of the debt secured by the trust-deed.

*Affirmed.*

NOTE.—In the case of *Marshall, use, etc.* v. *Stewart*, 67 Miss. 494, a suit was brought on the indemnifying bond mentioned in this case, for the use of Clifton & Eckford, beneficiaries in the trust-deed referred to, and it was held that, inasmuch as the beneficiaries did not have the legal title to the property, the action could not be maintained. On the trial of this case, brought by the trustee, the same facts were shown, and, by agreement, the bill of exceptions taken in the other case was used. But a more full statement is made in this case, because deemed material to the points decided.—REP.